1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FRANCISCO JAVIER MOTA,
Booking #19742313,

Plaintiff,

vs.

JASON WHITE; JOSEPH
PUTULOWSKI; KAIKO,

Defendants.

Case No.:  3:20-cv-1863-LAB-RBM

**ORDER**

**1) GRANTING MOTION TO
PROCEED IN FORMA PAUPERIS
(ECF No. 2);**

**2) DISMISSING CLAIMS AND
DEFENDANTS PURSUANT TO 28
U.S.C.
§ 1915(e)(2)(B)(ii) AND 28 U.S.C. §
1915A(b);**

**AND**

**3) STAYING CASE**

Francisco Javier Mota ("Plaintiff"), currently incarcerated at San Diego County

Sheriff's Department's Vista Detention Facility ("VDF"), and proceeding pro se, filed this

civil rights action pursuant to 42 U.S.C. Section 1983.  (*See* Compl, ECF No. 1.)  Plaintiff

did not prepay the civil filing fee required by 28 U.S.C. Section 1914(a) at the time he

1

1  submitted his Complaint, but instead has filed Motion to Proceed In Forma Pauperis

2  ("IFP") pursuant to 28 U.S.C. Section 1915(a).  (*See* ECF No. 2.)

3  **I.      Motion to Proceed In Forma Pauperis**

4          All parties instituting any civil action, suit or proceeding in a district court of the

5  United States, except an application for writ of habeas corpus, must pay a filing fee of

6  $400.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to

7  prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.

8  Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007);

9  *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is

10 granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or

11 "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775

12 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately

13 dismissed.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th

14 Cir. 2002).

15         Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a

16 "certified copy of the trust fund account statement (or institutional equivalent) for . . . the

17 6-month period immediately preceding the filing of the complaint."   28 U.S.C.

18 § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified

19 trust account statement, the Court assesses an initial payment of 20% of (a) the average

20 monthly deposits in the account for the past six months, or (b) the average monthly balance

21 in the account for the past six months, whichever is greater, unless the prisoner has no

22 assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody

23 of the prisoner then collects subsequent payments, assessed at 20% of the preceding

24 month's income, in any month in which his account exceeds $10, and forwards those

25

26

27 [1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

28

3:20-cv-1863-LAB-RBM

1  payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*,

2  136 S. Ct. at 629.

3      In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust

4  account statement pursuant to 28 U.S.C. Section 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2.

5  *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account activity, as

6  well as the attached prison certificate verifying his available balances.  (*See* ECF No. 9, at

7  6-8.)  These documents show that Plaintiff carried an average monthly balance of

8  $100.00 and had average monthly deposits to his trust account of $30.00 for the six

9  months preceding the filing of this action, Plaintiff had an available balance of just

10  $10.68 at the time of filing.  (*See id.*)

11      Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and

12  declines to impose the initial partial filing fee pursuant to 28 U.S.C. Section 1915(b)(1)

13  because his prison certificate indicates he may currently have "no means to pay it."  *See* 28

14  U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from

15  bringing a civil action or appealing a civil action or criminal judgment for the reason that

16  the prisoner has no assets and no means by which to pay the initial partial filing fee.");

17  *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. Section 1915(b)(4) acts as a "safety-valve"

18  preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to

19  the lack of funds available to him when payment is ordered.").  Instead, the Court directs

20  the Watch Commander of VDF, or his designee, to collect the entire $350 balance of the

21  filing fees required by 28 U.S.C. Section 1914 and to forward them to the Clerk of the

22  Court pursuant to the installment payment provisions set forth in 28 U.S.C. Section

23  1915(b)(1).

24  **II.   Sua Sponte Screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section**

25  **1915A(b)**

26      A. Standard of Review

27      Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-

28  answer screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b).  Under

1    these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion

2    of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants

3    who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

4    (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th

5    Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)).  "The purpose of [screening] is 'to

6    ensure that the targets of frivolous or malicious suits need not bear the expense of

7    responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler

8    v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

9            "The standard for determining whether a plaintiff has failed to state a claim upon

10   which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule

11   of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668

12   F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th

13   Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar

14   standard applied in the context of failure to state a claim under Federal Rule of Civil

15   Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint "contain sufficient factual

16   matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.

17   Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at

18   1121.

19           Detailed factual allegations are not required, but "[t]hreadbare recitals of the

20   elements of a cause of action, supported by mere conclusory statements, do not suffice."

21   *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief

22   [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

23   experience and common sense."  *Id.*  The "mere possibility of misconduct" or "unadorned,

24   the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility

25   standard.  *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

26           B.  Plaintiff's Factual Allegations

27           Plaintiff alleges that Defendants—Escondido Police Officers White and

28   ///

1  Putulowski,[2] and a police service dog, Kaiko—violated his Eighth Amendment and

2  Fourteenth Amendment rights when they used excessive force to arrest Plaintiff on April

3  23, 2019.  (*See* Compl. at 3, 8.)

4      Defendants responded to a report that Plaintiff was wandering around an isolated

5  lot in Escondido in his vehicle.  (*See* Compl. at 5.)  Defendant White was the first to

6  arrive and identified Plaintiff as the driver.  (*See id.*)  Shortly thereafter, Defendant

7  Putulowski arrived with his service dog, Defendant Kaiko.  (*See id.*)  Although Plaintiff

8  does not allege the details of the events that followed in his Complaint, in the course of

9  arresting Plaintiff, Defendant White allegedly fired a "shotgun or non[-]lethal projectile

10  round [at] Plaintiff," which caused injuries.  (*See id.* at 3.)  Plaintiff alleges that he was

11  hit by five beanbag rounds.  (*See id.*)  Subsequently, Defendant Putulowski released

12  Defendant Kaiko, who "bit and [tore Plaintiff's] left for[e]arm," causing scarring and

13  nerve damage, among other injuries.  (*See id.*)  Plaintiff alleges that he was unarmed and

14  collapsed in his car through the entire incident.  (*See id.*)

15      Plaintiff seeks $1 million each in compensatory and punitive damages, and

16  dismissal with prejudice of the pending state charges against him.  (*See id.* at 4.)

17      C.  Analysis

18          1.  Claims against Defendant Kaiko

19      Plaintiff's claims against Defendant Kaiko be dismissed.  Because liability under

20  Section 1983 is limited to "person[s]" who violate constitutional rights under color of

21  state law, *see* 42 U.S.C. § 1983, a dog is not a proper defendant in a Section 1983 case.

22  *See Stuart v. Mills*, No. CV 16-02158-GHK (RAO), 2016 WL 8738859, at *1 (C.D. Cal.

23  Sept. 21, 2016) ("A dog is not a proper defendant in litigation under § 1983." (collecting

24

25

26  [2] The Court's docket currently identifies Defendant Putulowski as Defendant "Pulutowski," and Plaintiff
27  appears to use the two spellings interchangeably.  (*See* Compl. at 2-3.)  According to the police reports
    attached as exhibits to Plaintiff's Complaint, however, the Court finds the correct spelling is
28  "Putulowski."  (*See id.* at 5.)  Accordingly, the Court **DIRECTS** the Clerk of the Court to correct the
    spelling of Defendant Putulowski's name on the docket.

1    cases)); *see also Rodriguez v. Police Dog Kubo*, No. 1:11cv01371 LJO DLB, 2011 WL

2    3687608, at *2 (E.D. Cal. Aug. 23, 2011) ("A police dog is not a 'person' subject to

3    liability under § 1983."). Accordingly, Plaintiff's claims against Defendant Kaiko are

4    dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §

5    1915(e)(2)(B)(ii); 28 U.S.C. 1915A(b). While the Court would ordinarily grant Plaintiff

6    leave to amend in light of his pro se status, the Court finds that granting leave to amend

7    with respect to Defendant Kaiko would be futile. *See Lopez*, 203 F.3d at 1127.

8    Accordingly, the claims against Defendant Kaiko are dismissed without leave to amend.

9              2. *Younger* Abstention

10   Federal courts must abstain from interfering with pending state court proceedings

11   absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

12   In fact, "federal-court abstention is required" when there is a "parallel, pending state

13   criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). "A

14   court may consider *sua sponte* whether *Younger* abstention should be invoked at any

15   point in the litigation." *Renteria v. San Diego Police Dep't*, No. 19-cv-00952-BAS-JLB,

16   2019 WL 2436565, at *4 (S.D. Cal. June 11, 2019) (citing *H.C. ex rel. Gordon v. Koppel*,

17   203 F.3d 610, 613 (9th Cir. 2000)) (citations omitted)

18   *Younger* abstention is appropriate when three conditions are satisfied: (1) state

19   criminal proceedings are ongoing, (2) those proceedings implicate important state

20   interests, and (3) state proceedings provide an adequate opportunity to raise federal

21   questions. *See Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423,

22   432 (1982). "[O]nce the three *Middlesex* elements are satisfied, the court does not

23   automatically abstain, but abstains only if there is a *Younger*-based *reason* to abstain—

24   i.e., if the court's action would enjoin or have the practical effect of enjoining, ongoing

25   state court proceedings." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th

26   Cir. 2007) (emphasis in original) (citing *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th

27   Cir. 2004)).

28   As currently alleged, the three conditions for *Younger* abstention are satisfied.

1   First, Plaintiff alleges that his state criminal case is ongoing, and he requests that this

2   Court order that the criminal charges against him be "[d]ismiss[ed] . . . with prejudice no

3   refile [sic]."  (Compl. at 4.)  Second, the criminal proceedings against Plaintiff implicate

4   the State's important interests in enforcing its criminal laws.  *See Sprint*, 571 U.S. at 72.

5   Third, there is no procedural bar to Plaintiff raising claims of excessive force in his state

6   criminal proceedings.  *See Voychuk v. California*, No. 2:05CV2007-MCE-GGH, 2006

7   WL 738796, at *2 (E.D. Cal. Mar. 22, 2006) (concluding that state proceedings provided

8   an adequate opportunity to raise federal questions regarding excessive force (citing

9   *People v. Olguin*, 119 Cal. App. 3d 39, 46 (1981))).

10         As mentioned, however, *Younger* abstention is not always required when these

11   three conditions are satisfied.  Abstention is nevertheless required in this case because

12   evaluating Plaintiff's excessive force claims at this time would have the practical effect

13   of intruding on the criminal proceedings against Plaintiff.  According to the San Diego

14   County Sheriff's Department's website, Plaintiff faces pending charges for, among other

15   things, Obstructing an Executive Officer in violation of California Penal Code Section

16   69.  *See*

17   https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=%2f8aC4KmgTXRE92t3sL2%2f

18   %2byg7tQvQY4q%2f6PcGlcD2t%2fo%3d (last accessed November 30, 2020).[3]  As

19   other courts have recognized, *Younger* abstention is warranted when a plaintiff asserts

20   Section 1983 claims of excessive force related to their arrest in federal court while

21   simultaneously facing pending criminal charges of resisting arrest or a similar offense in

22   state court.  *See, e.g.*, *Jones v. Cnty. of Contra Costa*, No. 13-cv-05552-TEH, 2014 WL

23   1411205, at *3 (N.D. Cal. Apr. 11, 2014) ("Any ruling by this Court would . . .

24   necessarily intrude on the state criminal matter also seeking to pass judgment on

25

26

27   [3] The Court may take judicial notice of public records available on online inmate locators.  *See, e.g.*, *Turner v. Cnty. of San Diego*, No. 3:20-cv-00163-JAH-AHG, 2020 WL 905633, at *1 n.1 (S.D. Cal.

28   Feb. 25, 2020) (taking judicial notice of detainee's booking information available on San Diego Sheriff's Department website).

3:20-cv-1863-LAB-RBM

1    [plaintiff's] resistance." (citing Cal. Penal Code § 69)); *see also Whitton v. Mortimer*, No.

2    2:15-cv-01399-APG-PAL, 2016 WL 3179462, at *4 (D. Nev. Apr. 28, 2016) (staying

3    Section 1983 excessive force claims where plaintiff faced prosecution under Nevada law

4    for resisting arrest because "[t]o rule on the constitutional issue in these circumstances

5    would impermissibly risk interfering with the State of Nevada's administration of its

6    judicial system.").

7         Plaintiff seeks both damages and injunctive relief in this case.  (*See* Compl. at 4.)

8    Although "in most situations *Younger* abstention requires dismissal," "[t]he Ninth

9    Circuit . . . has held that where a plaintiff seeks money damages rather than injunctive

10   relief, the Court should stay the action until the termination of the state court proceedings

11   rather than dismiss the action without prejudice."  *See Davis v. O'Connor*, No. 18cv2824-

12   LAB (LL), 2019 WL 290571, at *2 (S.D. Cal. Jan. 23, 2019) (citing *Gilbertson*, 381 F.3d

13   at 981-82).  Dismissal is the appropriate remedy, however, with respect to claims for

14   injunctive relief.  *See Gilbertson*, 381 F.3d at 981.  As a result, Plaintiff's claim seeking

15   dismissal of the state criminal charges against him must be dismissed with prejudice.  *See*

16   *id.* (stating that abstention from injunctive relief claims under *Younger* should result in

17   "permanent[]" dismissal (emphasis omitted)).

18        Depending on the outcome of Plaintiff's state criminal case he may be able to state

19   claims for damages against Defendants White and Putulowski in their individual

20   capacities, but such claims may not continue at least until after the criminal case against

21   him is resolved.  *See Wallace v. Kato*, 549 U.S. 384, 394 (2007) ("If the plaintiff is

22   ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* [*v.*

23   *Humphrey*, 512 U.S. 477 (1994),] will require dismissal; otherwise, the civil action will

24   proceed, absent some other bar to suit.").  Accordingly, the Court **STAYS** this action

25   pending the termination of the underlying state criminal proceedings.  *See Gilbertson*,

26   381 F.3d at 981-82.  Plaintiff shall report to the Court regarding the outcome of the

27   criminal proceedings and whether or not he intends to proceed with this action within

28   **thirty (30) days** after their conclusion, which includes the conclusion of any direct

3:20-cv-1863-LAB-RBM

1  review on appeal.  *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*,

2  491 U.S. 350, 369 (1989) ("For *Younger* purposes, the State's trial-and-appeals process is

3  treated as a unitary system, and for a federal court to disrupt its integrity by intervening in

4  mid-process would demonstrate a lack of respect for the State as sovereign.").  If there is

5  no longer a need to abstain at that time, the Court will reopen this action, lift the stay, and

6  issue a further order screening Plaintiff's Complaint pursuant to 28 U.S.C. Section

7  1915(e)(2) and 28 U.S.C. Section 1915A(b) and/or directing the U.S. Marshals to affect

8  service on Defendants White and Putulowski on Plaintiff's behalf if necessary.  Absent a

9  compelling reason, no motions will be permitted during the pendency of the stay, and

10  because the Court has not ordered service of process upon Defendants, Plaintiff may not

11  seek discovery in this Court while the case is stayed.  *See* Fed. R. Civ. P. 26(d)(1)

12  (specifying that "[a] party may not seek discovery from any source" until holding the

13  initial discovery planning conference required by Federal Rule of Civil Procedure 26(f)).

14  **III.    Conclusion and Orders**

15      Good cause appearing, the Court:

16      1.      **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. Section

17  1915(a) (ECF No. 2).

18      2.      **DIRECTS** the Watch Commander of VDF, or his designee, to collect from

19  Plaintiff's inmate trust account the $350 filing fee owed in this case by garnishing

20  monthly payments in an amount equal to twenty percent (20%) of the preceding month's

21  income and forwarding those payments to the Clerk of the Court each time the amount in

22  the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2).  ALL PAYMENTS

23  MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO

24  THIS ACTION.

25      3.      **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch

26  Commander, Vista Detention Facility, 325 S. Melrose Dr., Vista, CA 92081 and to

27  correct the spelling of Defendant Joseph Putulowski's name in the case caption.

28  ///

4.      **DISMISSES** without leave to amend Plaintiff's claims against Defendant Kaiko and his claim for an order directing dismissal of the state criminal charges against him for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) and Section 1915A(b).  The Court further **DIRECTS** the Clerk of the Court to terminate Defendant Kaiko as a party to this action.

5.      **STAYS** this action pending the termination of Plaintiff's underlying state criminal proceedings and **DIRECTS** Plaintiff to report to the Court within **thirty (30) days** after the conclusion of his criminal proceedings, which includes the conclusion of any direct review on appeal, of the outcome of the criminal proceedings and whether or not he intends to proceed with this action.  If there is no longer a need to abstain, the Court will reopen this action and issue a further order screening Plaintiff's Complaint pursuant to 28 U.S.C. Section 1915(e)(2) and 28 U.S.C. Section 1915A(b) and/or directing the U.S. Marshals to affect service on Defendants White and Putulowski on Plaintiff's behalf.

6.      **DIRECTS** the Clerk of the Court to note that this action is stayed and to administratively close the case.

**IT IS SO ORDERED.**

Dated:  December 1, 2020

_____
Hon. Larry Alan Burns
Chief United States District Judge